HUGHES et al. v. ECCLES.

(Supreme Court, Appellate Term, First Department. October 17, 1916.)

PLEADING ⬥⧴8(7)—COMPLAINT—CONCLUSIONS.

Complaint based on contract to pay for services, alleging performance of such services and willingness to continue such services, is demurrable as alleging conclusions, since it does not state the facts showing the nature of services to be performed, the nature of the services actually performed, or of what the alleged full performance consisted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 18; Dec. Dig. ⬥⧴8(7).]

⬥⧴For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from City Court of New York, Special Term.

Action by John J. and Adelaide Hughes against Joseph M. Eccles. From an order granting plaintiffs' motion for judgment on the pleadings, defendant appeals. Reversed, and demurrer to complaint sustained, with leave to amend.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

William Klein, of New York City (William Klein and Jacob Klein, both of New York City, of counsel), for appellant.

Melvin H. Dalberg, of New York City (Melvin H. Dalberg and Henry A. Uterhart, both of New York City, of counsel), for respondents.

SHEARN, J. In an action to recover damages for alleged violation of an agreement, an examination of the complaint discloses the following allegations: That on or about November 16, 1915, the parties entered into an agreement, whereby defendant agreed to pay the plaintiffs $550 "for services performed in behalf of said defendant and others, and in further consideration of services agreed to be performed by the plaintiffs in behalf of said defendant at a weekly compensation of $550"; that "plaintiffs fully performed the services as aforesaid, during the week of November 8 to 14, 1915, inclusive, and were ready and willing to continue to perform such services under the agreement herein alleged"; and "that the said defendant failed to every respect to comply with the terms of said agreement; and that no part of said $550 for said services rendered has been paid, although the same has been duly demanded."

This complaint consists of a series of conclusions, instead of a statement of facts. What the "services," either performed or to be performed, consisted of, what the plaintiffs did, what the plaintiffs were to do, and what the alleged full performance consisted of, are all left to conjecture. It would have been very simple to have stated the facts. It is only by considering facts alleged that the court can determine whether a complaint states a cause of action. Such a determination cannot be successfully avoided by merely pleading conclusions. The defendant having properly demurred, the order granting plaintiff's motion for judgment on the pleadings is reversed, with $10 costs and disbursements, and demurrer sustained, with $10 costs, with leave to plaintiffs to file an amended complaint within six days after entry and notice thereof of this order in the City Court and upon payment of said costs.

BIJUR, J., concurring in the result. GUY, J., concurs.